## BRADT vs. MOUNT.

Facts and circumstances upon which plaintiff was allowed to stipulate to try a second time, and pay costs.

*Motion for judgment as in case of non-suit.*— Defendant's facts: Defendant and his witnesses attended the circuit on the fourth Monday of August 1844, prepared for trial on the second day of the circuit. Plaintiff and his attorney said they could not nor should not try the cause at said circuit, and proposed to defendant's attorney to let the cause go over the circuit; as they could not get ready for trial, on account of plaintiff's not bringing with him a certain deed, having forgotten it. Defendant's attorney refused to agree to the cause going over to the next circuit, and insisted on moving for judgment as in case of non-suit, in case it was not tried. There was, at this time, two or three causes standing before

this on the calendar to be tried. Defendant and plaintiff's attorney conversed together, to see if an arrangement could be made (as plaintiff declared and conceded he was unprepared for trial) to dispense with further attendance of defendant's witnesses, so as to lighten the amount of costs for plaintiff. Plaintiff's attorney offered, in the former part of the conversation, to stipulate and pay costs, and try at the next circuit; to which defendant's attorney refused, on the ground that plaintiff was then under stipulation to try at the present circuit. Defendant's attorney suggested and proposed to plaintiff's attorney, the better way would be to serve him with a countermand of the notice of trial; and he and his witnesses would then leave, but could not leave in any way or manner that would expose the cause to be called on in their absence. Defendant's attorney understood plaintiff's attorney to assent to the proposition; and plaintiff's attorney immediately drew a paper, which defendant's attorney, while he was drawing it, supposed to be a countermand of notice of trial, and presented it, which proved to be a stipulation in these words : " I do hereby stipulate not to move this cause on at the present August term;" which was dated and signed by plaintiff's attorney. Defendant's attorney expressed his surprise, and told plaintiff's attorney he thought he was going to draw a countermand. Defendant's attorney, supposing nothing unfair intended, would take the paper offered, with the understanding that he was not to be considered as giving the least assent to the cause not being tried, or to any right of plaintiff to put the cause over in this or any manner, and that the same should not prejudice his motion for judgment as in case of non-suit, which he should of course make. : to all, defendant's attorney understood plaintiff's attorney as assenting. Defendant's attorney, and defendant and witnesses, then left the court. Issue was joined 23d January 1844 : the next circuit was on the last Monday of March, 1844. On the first day of April 1844, said cause not having been noticed for said circuit, defendant's attorney received from plaintiff's attorney a stipulation to try at the August circuit then next; that younger issues than the above on the calendar were tried at said August circuit. Plaintiff's facts : This is an action for use and occupation. Plaintiff was not apprised that the title to the premises, for which plaintiff is seeking to recover rent, would be disputed until the second day of said August circuit; and it was then for the first time discovered that the grantor of plaintiff, who held the title deeds, had sent to plaintiff a wrong deed, the right deed being then with some person in the county of Otsego; and there was not time enough to get same to be used at said August Cortland circuit, 1844. On the advice of counsel,

plaintiff believes he can not safely proceed to trial without said deed from the county of Otsego, but will be able to try at the next Cortland circuit. Plaintiff is also advised by his counsel he has a good cause of action, and that the deed of plaintiff's grantor aforesaid will come in question on the trial. Plaintiff's attorney states, the only reason why said cause was not tried at said August circuit 1844, being the absence of the deed before mentioned, he informed defendant's attorney of the fact, and offered to stipulate and pay defendant's costs, to be taxed in preparing said cause for trial, which defendant's attorney refused.

H. F. MATHER, *Defts Atty.*            ISAAC A. GATES, *Plffs Atty.*

*Decision.*— Motion granted, unless plaintiff stipulates and pays costs.